1  BRIAN T. CORRIGAN, ESQ. (BAR NO. 143188)
2  EMAIL: BCORRIGAN@CORMORLLP.COM
   STANLEY C. MORRIS, ESQ. (BAR NO. 183620)
3  EMAIL: SCM@CORMORLLP.COM
4  **CORRIGAN & MORRIS LLP**
   12300 WILSHIRE BOULEVARD, SUITE 210
5  WEST LOS ANGELES, CALIFORNIA 90025
6  TELEPHONE:  (310) 394-2800
   FACSIMILE:  (310) 394-2825
7  *Attorneys for* Plaintiff, GORDIAN MEDICAL, INC.

8
                **UNITED STATES DISTRICT COURT**
9                **CENTRAL DISTRICT OF CALIFORNIA**
                     **SOUTHERN DIVISION**
10

| | |
|---|---|
| 11  GORDIAN MEDICAL, INC., A California corporation, | Case No.: |
| 12 | **COMPLAINT FOR MONEY DAMAGES AND INJUNCTIVE RELIEF BASED ON:** |
| 13                  Plaintiff, | |
|              v. | 1. **MISAPPROPRIATION OF TRADE SECRETS UNDER FEDERAL LAW (18 USC §1836);** |
| 14 | |
| 15  NICK PERCIVAL, an individual, CURITEC, LLC, A Texas Limited Liability Company, TECH LOGIC, LLC, A Delaware Limited Liability Company, and Does 1 through 20, | 2. **MISAPPROPRIATION OF TRADE SECRETS UNDER CALIFORNIA LAW (Cal. Civ. C. §§ 3426.2-3426.4);** |
| 16 | |
| 17 | 3. **UNFAIR COMPETITION UNDER CA. BUS. & PROF. CODE §17200;** |
| 18                  Defendants. | 4. **INTENTIONAL INTERFERENCE WITH CONTRACT RELATIONS;** |
| 19 | |
| 20 | 5. **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;** |
| 21 | |
| 22 | |
| 23 | 6. **SLANDER;** |
| 24 | 7. **BREACH OF CONTRACT: MASTER SERVICES AGREEMENT;** |
| 25 | |
| 26 | 8. **BREACH OF CONTRACT - SEVERANCE AGREEMENT** |
| 27 | **JURY DEMANDED** |
| 28 | |

*COMPLAINT*

1

Plaintiff, Gordian Medical, Inc. ("Plaintiff" or "Gordian"), for its Complaint herein against Defendants, Nick Percival ("Percival"), Curitec, LLC ("Curitec") and Tech Logic, LLC ("Tech Logic" and collectively with Percival and Curitec, the "Defendants"), respectfully alleges:

## NATURE OF ACTION

1.      Gordian is a wound care products and service company.

2.      Percival worked for Gordian until February 5, 2016 in various capacities, most recently as its Chief Information Officer. After leaving Gordian, Percival founded Curitec through which Percival competes directly with Gordian. Curitec, Tech Logic and Percival unlawfully disclose and use Gordian's trade secrets, and use slanderous statements and other unlawful means, to compete unfairly against Gordian. This action seeks to enjoin Percival and the entities managed and owned by him, Curitec and Tech Logic, from unlawfully misappropriating Gordian's trade secrets, and from using unlawful tactics, such as slander and misrepresentations of affiliations with Gordian, to compete unfairly with Gordian.

3.      This action seeks consequential and compensatory damages, disgorgement of profits resulting from unjust enrichment, and attorneys' fees and costs. Gordian also prays for an award of punitive and exemplary damages to punish and deter the malicious, willful and unlawful actions taken by the Defendants, and each of them, according to proof at trial.

4.      This action also seeks from Tech Logic damages for breach of contract, including damages suffered and profits resulting from unjust enrichment gained by Tech Logic as a result of its unlawful use of Gordian's intellectual property rights, including trade secrets and other confidential information. Plaintiff also seeks $41,800 for overdue and unpaid refund

deposits, plus interest thereon, which Tech Logic has failed and refused to return, despite agreeing that the amount is owed.

## THE PARTIES

5.     Plaintiff, Gordian Medical, Inc., is a Nevada corporation, with its principal offices located at 17595 Cartwright Road, Irvine, California 92614, doing business throughout the United States.

6.     Plaintiff is informed and believes, and based thereon alleges that Defendant, Nick Percival, is a resident of California, whose principal office is located at 15221 Barranca Parkway, Irvine, California 92618.

7.     Plaintiff is informed and believes, and based thereon alleges that Defendant, Tech Logic, LLC, is a Delaware limited liability company, doing business in California and the United States.

8.     Plaintiff is informed and believes, and based thereon alleges that Defendant, Curitec, LLC, is a Texas limited liability company, doing business in California and the United States.

9.     Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, Defendants Does 1 through 20, inclusive, are persons whose identities are unknown to the Plaintiff at this time and therefore Plaintiff sues Does 1 through 20, inclusive pursuant to California Code of Civil Procedure §474.  Plaintiff will amend this Complaint to state the true names of these Doe Defendants once Plaintiff discovers such information.

10.    Plaintiff is informed and believes that each of Does 1 through 10, inclusive, is legally responsible in some manner for the occurrences and damages herein alleged, and the Plaintiff's damages as herein alleged were directly, proximately, and substantially caused by said Defendants, and each of them.  Wherever it is alleged herein that any act that was done or committed by

a named Defendant, Plaintiff intends thereby to allege and does allege, that the same act was also done and committed by each and every Defendant named as a Doe, both separately and in concert with a named Defendant.  Plaintiff will amend this Complaint to state the true names of Does 1 through 10, inclusive once Plaintiff discovers this information.

11.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants Does 11 through 20, inclusive, and each of them, were the agents, servants, co-conspirators, partners, representatives, or employees of each of the other Defendants, and were acting at all times individually or within the course and scope of such capacity and authority, and with the advance knowledge, consent, permission, acquiescence and express or implied ratification of the remaining Defendants.

## JURISDICTION AND VENUE

12.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 in that the action arises under the laws of the United States – specifically, 18 U.S.C. §1836 (note express jurisdiction provision at subsection (c)).

13.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) and (2), in that it is a judicial district in which the contracts at issue were formed and, in substantial part, performed and breached, in which Defendant, Nick Percival, was employed and worked for Gordian, in which the offices of Tech Logic are located, and in which a substantial part of the events or omissions giving rise to the claims occurred and caused damages.

## COMMON ALLEGATIONS

14.    Gordian is a wound care products and service company. Its business derives a substantial portion of its revenue as a product of its long developed relationships with medical care facilities, often elderly care facilities, in which Gordian supplies wound treatments, including bandaging, application

and training services (each a "Gordian Facility"; collectively the "Gordian Facilities"). Gordian has developed materials to support its on-site training for nurses and other medical care service providers on how to apply its products to treat wounds, such as chronic ulcers on patients suffering from diabetes. The identity, contact information, location, monthly and quarterly revenue, and last date of Gordian's visit to, each Gordian Facility all constitute valuable trade secrets. Defendants have access to such confidential trade secrets as a result of Nick Percival's and Tech Logic's former business relationship with Gordian and their ongoing unlawful exploitation of technology to steal such trade secrets.

15.     Nick Percival was employed by Gordian for more than six years as Gordian's Chief Information Officer ("CIO"), until the end of his employment on February 5, 2016. As a result of his employment, Mr. Percival was entrusted with trade secrets pertaining to the business operations of Gordian, including the location and contact person for wound care services at all Gordian Facilities and the identities and contact information of the wound care customers at such Gordian Facilities.

16.     At the end of his employment, Percival and Gordian entered into two agreements on December 8, 2015, titled: (1) Employment Transition Agreement, a true and correct copy of which is attached at **Exhibit 1**; and (2) Separation and General Release Agreement, a true and correct copy of which is attached at **Exhibit 2**.

17.     In addition, Percival, as Managing Member and owner of Tech Logic, LLC, was granted access to trade secret information pertaining to Gordian Facilities and Gordian customers, whose contact information was included in the tablets provided to Gordian by Tech Logic, LLC. The parties expressly agreed that such confidential information of Gordian was provided to Tech Logic exclusively for the benefit of Gordian and would be used only as necessary to provide Tech Logic's services to Gordian, pursuant to the terms of

the parties' Master Services Agreement dated May 1, 2016. A true and correct copy of that Master Services Agreement is attached hereto at **Exhibit 3**.

18.     Percival, after leaving Gordian, founded Curitec to compete directly with Gordian. Thereafter, and continuing at the time of the filing of this Complaint, Percival and Curitec have unlawfully used Gordian trade secrets , have defamed Gordian, and have falsely claimed to be affiliated with Gordian in order to gain access to and unlawfully compete for such customers against Gordian.

19.     Percival breached his written contract at **Exhibit 2** when he unlawfully used Gordian's trade secrets and confidential information to compete directly with Gordian, among other things.

20.     Under the Master Services Agreement at **Exhibit 3**, Tech Logic provided certain tablet devices to Gordian Facilities in which Gordian's customers reside. These Tech Logic tablets were used at Gordian Facilities for a variety of purposes, including to provide communication capabilities between facility employees and Gordian employees and for facility employees to view Gordian proprietary educational materials. Additionally, Tech Logic maintained a Gordian customer list on behalf of Gordian that is contractually limited in use to providing tablets to Gordian Facilities. Tech Logic breached its Master Services Agreement by, among other things, providing Curitec access to Gordian confidential trade secrets, including contact information of Gordian Facilities' personnel and customers.

21.     Gordian deposited $250 or $200 per device, subject to refund upon returning the device. Gordian tendered all available devices, and demanded refunds of the deposits. Tech Logic failed to refund all deposits made, and has owed and refused to pay Gordian $41,800 of such deposits. See Article II of Exhibit B to Master Services Agreement at **Exhibit 3**. In addition, Tech Logic

aided and abetted Curitec and Percival by allowing them to use the data on such returned devices to solicit customers at facilities using such tablets, in breach of the Master Services Agreement.

22.     Plaintiff is informed and believes, and based thereon alleges that Percival and Curitec, through Curitec's agents and representatives, in or around early March 2019 and continuing to this day, falsely represented to personnel at Gordian Facilities and Gordian customers at Gordian Facilities that: (1) Gordian was under investigation by law enforcement agencies; and (2) that such representatives and personnel were affiliated with Gordian. These unlawful tactics were employed maliciously to gain access to Gordian Facility contacts and Gordian customers and to compete unfairly for the same Gordian Facilities and Gordian customers.

23.     On March 18, 2019, shortly after learning that Curitec agents or employees, including Melanie Temple, falsely misrepresented to Gordian customers that Gordian was under investigation by federal authorities, Gordian sent a cease and desist letter to Curitec's Vice President, Michael Shea (a former employee of Gordian.)

24.     On March 26, 2019, Curitec responded to that demand stating that it would instruct and enforce for all of its agents and/or employees that they will cease and desist from making false statements related to Gordian Medical, Inc., including making false statements about Gordian being under investigation by federal authorities.

25.     On or around May 6, 2019, at the HomeCare Hospice in New Albany, Mississippi, a long-time Gordian Facility, Curitec personnel falsely represented to facility staff that the Curitec personnel were affiliated with Gordian (doing business as American Medical Technologies "AMT") and wanted to "check on how the facility's wounds are being serviced." In case there

was any doubt about who employed them, when the Curitec personnel left the facility, they left their business card with the facility. A true and correct copy of the Curitec card left at the Gordian Facility is attached hereto at **Exhibit 4.**

26. On May 13, 2019, Gordian sent a second letter to Mr. Shea, as Vice President of Curitec, demanding that Curitec cease and desist Curitec's practice of making such remarks to in order to compete against Gordian, warning that it would not tolerate such violations of California's unfair competition law, and intentional interference with Gordian's contracts and prospective economic advantage. Curitec did not respond to such demand.

27. On September 6, 2019, Gordian sent a letter to Percival, as Chief Executive Officer of Tech Logic, LLC, a true and correct copy of which is attached hereto at **Exhibit 5**, requesting compliance with the May 1, 2016 Master Services Agreement between Gordian and Tech Logic, specifically demanding that:

    1. Under section 6.2, all Client Data remains the sole and exclusive property of Gordian. TechLogic may use such data only "for purposes of carrying out its duties hereunder during the Term ... and not for the benefit of any third party."

    2. Under section 7.1, TechLogic must keep confidential all Confidential Information of Gordian both "during and after the termination or expiration of this Agreement."

    3. Under section 7.5, upon written request from a party, the other party must, within five days, certify "that it no longer has in its possession or under its control any Confidential Information in any form whatsoever, or any copy thereof."

    4. Under section 10.4, upon termination of the Agreement, TechLogic shall provide Gordian "one (1) electronic copy and

one (1) printed copy of the order database and all associated supporting Client Data files."

Additionally, TechLogic owes Gordian $41,800 in deposits for the return of tablets as follows: 161 tablets picked up on August 8, 2019, and 48 tablets readied for pickup August 26, 2019 as agreed per Maria Fernandez but not yet picked up.

Accordingly, per the above, Gordian hereby requests the following:

1. Please immediately discontinue any use of Gordian's Client Data and Confidential Information.

2. Please provide within five days:

   a. Written certification that all Confidential Information (including, without limitation, all Client Data), has been destroyed, no Confidential Information or copies thereof remains in TechLogic's possession or control, and no Confidential Information or copies thereof has been transferred outside of TechLogic's possession or control.

   b. One electronic copy and one printed copy of the order database and all associated supporting Client Data files.

   c. A check payable to Gordian in the amount of $41,800, constituting a refund of deposit monies due to Gordian.

As of the date of this Complaint, Tech Logic has not responded to the foregoing demands and has not paid the refund of deposits owed.

28. Percival, Tech Logic and Does 1 through 20, inclusive, by defaming Gordian and misrepresenting an affiliation with Gordian to customers and Gordian Facilities personnel, aided and abetted Curitec to compete unfairly

1 with Gordian, and intentionally interfered with Gordian's contractual

2 relationships and prospective economic relationships.

3      29.    Percival, Tech Logic and Curitec violated federal law (18 U.S.C.

4 §1836) and California state law (Ca. Civil Code §§3426.2-3426.4) by

5 misappropriating Gordian's trade secrets for their own unjust enrichment.

6 **FIRST CLAIM FOR RELIEF**

7 *Misappropriation of Trade Secrets, 18 U.S.C. §1836*

8 *Against All Defendants*

9      30.    Plaintiff realleges paragraphs 1 through 29, inclusive.

10      31.    Gordian is the owner of trade secrets, including the location,

11 business relationships and contact information for personnel at Gordian

12 Facilities, and the contact information of its customers at such Gordian

13 Facilities, which trade secrets are related to the wound treatment products and

14 services used by Gordian in interstate commerce.

15      32.    Plaintiff is informed and believes, and based thereon alleges, that

16 Defendants, Nick Percival, Curitec and Tech Logic and does 1 through 20,

17 inclusive, misappropriated Gordian's trade secrets by improper means, and/or

18 conspired to use improper means to misappropriate Gordian's trade secrets.

19      33.    Plaintiff is informed and believes, and based thereon alleges, that

20 Defendants, and each of them, has possession of Gordian's trade secrets,

21 materials and data reflecting such trade secret information and the profits, unjust

22 enrichment and proceeds of such trade secrets.

23      34.    Plaintiff is informed and believes, and based thereon alleges, that

24 Defendants' misappropriation of Gordian's trade secrets was willful, malicious

25 and purposeful, and was made in an effort to compete unfairly against Gordian

26 for its Gordian Facilities and customers, and to harm Gordian and unjustly

27 enrich the Defendants.

28

---

35.     Plaintiff is informed and believes, and based thereon alleges, that Defendants' misappropriation of Gordian's trade secrets actually and proximately caused Plaintiff damages.

36.     Plaintiff is informed and believes, and based thereon alleges, that Defendants' misappropriation of Gordian's trade secrets caused Defendants, and each of them, to be unjustly enriched.

37.     Plaintiff is entitled to a temporary, preliminary and permanent injunction; and an award of damages equal to the actual loss caused by the misappropriation of Gordian's trade secrets; and damages for any unjust enrichment caused by the misappropriation of the Gordian trade secrets; or a reasonable royalty for the Defendants' unauthorized disclosure or use of Gordian's trade secrets. In addition, Plaintiff is entitled to an award of exemplary damages in an amount not more than two times the amount of the damages awarded. In addition, Plaintiff is entitled to an award of reasonable attorney's fees and costs. 18 USC section 1836(b)(3).

## SECOND CLAIM FOR RELIEF

*Misappropriation of Trade Secrets, Civ. Code §§ 3426.2-3426.4*

*Against all Defendants*

38.     Plaintiff realleges paragraphs 1 through 29, inclusive.

39.     Gordian is the owner of trade secrets, including the location, business relationships and contact information for personnel at Gordian Facilities, and the contact information of its customers at such Gordian Facilities, which trade secrets are related to the wound treatment products and services used by Gordian in interstate commerce.

40.     Plaintiff is informed and believes, and based thereon alleges, that Defendants, Nick Percival, Curitec and Tech Logic and does 1 through 20,

inclusive, misappropriated Gordian's trade secrets by improper means, and/or conspired to use improper means to misappropriate Gordian's trade secrets.

41.     Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, has possession of Gordian's trade secrets, materials and data reflecting such trade secret information and the profits, unjust enrichment and proceeds of such trade secrets.

42.     Plaintiff is informed and believes, and based thereon alleges, that Defendants' misappropriation of Gordian's trade secrets was willful, malicious and purposeful, and was made in an effort to compete unfairly against Gordian for its Gordian Facilities and customers, and to harm Gordian and unjustly enrich the Defendants.

43.     Plaintiff is informed and believes, and based thereon alleges, that Defendants' misappropriation of Gordian's trade secrets actually and proximately caused Plaintiff damages.

44.     Plaintiff is informed and believes, and based thereon alleges, that Defendants' misappropriation of Gordian's trade secrets caused Defendants, and each of them, to be unjustly enriched.

45.     Plaintiff is entitled to a temporary, preliminary and permanent injunction; and an award of damages equal to the actual loss caused by the misappropriation of Gordian's trade secrets; and damages for any unjust enrichment caused by the misappropriation of the Gordian trade secrets; or a reasonable royalty for the Defendants' unauthorized disclosure or use of Gordian's trade secrets. In addition, Plaintiff is entitled to an award of exemplary damages in an amount not more than two times the amount of the damages awarded. In addition, Plaintiff is entitled to an award of reasonable attorney's fees and costs. Cal. Civil Code section 3426.4.

1

**THIRD CLAIM FOR RELIEF**

2

*Unfair Competition Cal. Business and Professions Code section 17200*

3

*Against All Defendants*

4

46.    Plaintiff realleges paragraphs 1 through 29, inclusive.

5

47.    Defendants' actions, as alleged above, constitute unfair competition

6

in violation of California Business and Professions Code section 17200.

7

48.    Defendants, and each of them, took actions to unfairly compete

8

with Gordian, as alleged herein, that constitute unlawful, unfair, fraudulent,

9

deceptive, untrue or misleading actions and advertising.

10

49.    Plaintiff is entitled to restitution and disgorgement of all moneys

11

wrongfully obtained by Defendants as a result of their unfair competition and a

12

temporary, preliminary and permanent injunction against the Defendants, and

13

each of them, from engaging in unfair competition, including the appointment of

14

a receiver, as may be necessary to prevent the use or employment by such

15

Defendants of any practice which constitutes unfair competition.

16

**FOURTH CLAIM FOR RELIEF**

17

*Intentional Interference with Contractual Relationship*

18

*Against All Defendants*

19

50.    Plaintiff realleges paragraphs 1 through 29, inclusive.

20

51.    Plaintiff has an existing contract with each of the Gordian Facilities.

21

52.    Plaintiff is informed and believes that Defendants, and each of

22

them, had knowledge of such contracts.

23

53.    The actions of Defendant, as alleged herein, constitute wrongful

24

conduct, separate from the interference itself, that falls outside the boundaries of

25

fair competition.

26

54.    Plaintiff is informed and believes, and based thereon alleges, that

27

Defendants, in taking the actions alleged above, intended to induce a breach or

28

disruption of such contractual relationship; and did in fact actually cause the breach or disruption of such contractual relationships when each such Defendant, among other things, unlawfully used Gordian's trade secrets to access Gordian Facilities and Gordian customers, falsely misrepresented that they were affiliated with Gordian to enhance such access; and disparaged Gordian to such persons with whom Gordian has contracts and prospective economic advantages, including falsely misrepresenting that Gordian was under investigation by law enforcement agencies.

55.    Plaintiff is informed and believes that Defendants' actions actually and proximately caused Plaintiff damages, including lost profits on such contracts in an amount to be determined at trial.

56.    Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, acted intentionally, willfully, maliciously, and with the intent to injuriously interfere with Plaintiff's existing contractual and business relationships.

57.    Plaintiff is entitled and seeks to recover from Defendants, and each of them, compensatory and consequential damages, as well as punitive and exemplary damages according to proof at trial.

58.    Plaintiff also seeks a temporary, preliminary and permanent injunction preventing Defendants, and each of them, from continuing such wrongful actions.

## FIFTH CLAIM FOR RELIEF

*Intentional Interference with Prospective Economic Advantage*

*Against All Defendants*

59.    Plaintiff realleges paragraphs 1 through 29, inclusive.

60.    Plaintiff has an existing business relationship or a prospective business relationship with the Gordian Facilities, its existing and prospective

customers who are patients in the Gordian Facilities now, in the past and in the future.

61.    Plaintiff's existing business relationships and prospective business relationships with the Gordian Facilities, its existing and prospective customers who are patients in the Gordian Facilities now, in the past and in the future are currently providing economic benefit and/or there exists a probability of future economic benefit arising from such business relationship.

62.    The actions of Defendant, as alleged herein, constitute wrongful conduct, separate from the interference itself, that falls outside the boundaries of fair competition.

63.    Plaintiff is informed and believes, and based thereon alleges, that Defendants, in taking the actions alleged above, knew that Gordian had such business relationships and prospective business relationships, and intended to interfere with Gordian's existing contractual and business relationships and prospective business advantage, when each such Defendant, among other things, unlawfully used Gordian's trade secrets to access Gordian Facilities and Gordian customers, falsely misrepresented that they were affiliated with Gordian to enhance such access; and disparaged Gordian to such persons with whom Gordian has contracts and prospective economic advantages, including falsely misrepresenting that Gordian was under investigation by law enforcement agencies.

64.    Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, intentionally, willfully, maliciously, actually and injuriously interfered with Plaintiff's existing contractual and business relationships and with Plaintiff's prospective economic relationship with such persons.

65.     Plaintiff is informed and believes, and based thereon alleges, that Defendants' actions, as alleged herein, actually and proximately caused Plaintiff to lose contracts and prospective economic advantages with such persons, which in turn caused money damages.

66.     Plaintiff is entitled and seeks to recover from Defendants, and each of them, compensatory and consequential damages, as well as punitive and exemplary damages according to proof at trial.

67.     Plaintiff also seeks a temporary, preliminary and permanent injunction preventing Defendants, and each of them, from continuing such wrongful actions.

## SIXTH CLAIM FOR RELIEF

### *Slander*

### *Against Percival and Curitec, LLC*

68.     Plaintiff realleges paragraphs 1 through 29, inclusive.

69.     Plaintiff is informed and believes, and based thereon alleges, that on or around March 11, 2019, Melanie Temple, and other representatives of Curitec, LLC, knowing such statements were false, were instructed by Nick Percival and Curitec to, and did, orally misrepresent to staff members of a Gordian Facility and to existing and prospective customers of Gordian at that facility, that Gordian is under investigation by federal authorities. Gordian was not under investigation by federal authorities at that time or at any time. Such statements were not privileged.

70.     Such misrepresentation imputes to staff of Gordian's Facilities and Gordian's customers that Gordian has or is being investigated for having committed a crime and tends to directly injure Gordian's business and professional reputation, and causes, by natural consequence, actual damage.

71.     Plaintiff is informed and believes and based thereon alleges that

Defendants' wrongful actions, by natural consequence, actually and proximately caused Plaintiff damages. Plaintiff's damages include lost profits from business contracts and prospective business opportunities lost, and other damages to Plaintiff's property, business, trade, profession or occupation, including money expended as a result of the alleged libel.

**SEVENTH CLAIM FOR RELIEF**

*Breach of Contract – Master Services Agreement*

*Against Defendant, Tech Logic, LLC*

72.     Plaintiff realleges paragraphs 1 through 29, inclusive.

73.     Plaintiff (referred to therein as "Client") and Tech Logic (referred to therein as "Company") entered into a Master Services Agreement dated May 1, 2016, a true and correct copy of which is attached hereto at **Exhibit 3**.

74.     Plaintiff performed all of its obligations under the Master Services Agreement, except those that were excused by Tech Logic's actions or breach.

75.     The Master Services Agreement includes an implied covenant of good faith and fair dealing. Plaintiff is informed and believes and based thereon alleges that Tech Logic breached such covenant of good faith and fair dealing when Tech Logic allowed Nick Percival and Curitec to access Client Data, including Gordian Facilities' and customers' contact information and order history, knowing that Curitec would use such information unlawfully to compete with Gordian.

76.     Paragraph 6.2 of the Master Services Agreement states, in relevant part:

> Client Data and Client Applications. **Client retains all right, title and interest in and to the Client Data and Client Applications.** Client grants Company a limited, revocable (in accordance with Article 10 below), nonexclusive license to use

and copy the Client Data and Client Application(s) **for**

**purposes of carrying out its duties hereunder** during the

Term and **solely to the extent that Company requires access**

**to such Client Data and Client Application(s) to provide the**

**Services as contemplated by this Agreement during the**

**Term.** Client further grants Company a perpetual and

irrevocable license to use Client Data in de-identified form

**solely for statistical and development purposes and not for**

**the benefit of any third party**. Client shall have the right, at

any time during the Term or after expiration thereof, upon 3

business days' notice, to inspect such de-identified Client Data

to confirm that such Client Data in fact is de-identified within

the meaning of the Health Insurance Portability and

Accountability Act ("HIPAA"). If such inspection reveals that

any Client Data is not so de-identified, Company shall promptly

take such steps as required to de-identify such data. Company

shall indemnify and hold harmless Client from and against any

claims, losses and/or expenses related to Company's violation

of HIPAA in connection with such use of Client's data.

Emphasis added.

Plaintiff is informed and believes and based thereon alleges that Tech Logic

breached section 6.2 of the Master Services Agreement by, among other things,

knowing that Curitec was a direct competitor of Gordian, providing access to

Curitec, all of Gordian's Data on the tablets, including materials to support its

on-site training for nurses and other medical care service providers on how to

apply its products to treat wounds, such as chronic ulcers on patients suffering

from diabetes, the identity, contact information, location, monthly and quarterly revenue, and last date of Gordian's visit to, each Gordian Facility.

77.    Paragraph 7.1 of the Master Services Agreement provides that

Commencing on the Effective Date and continuing during and after the termination or expiration of this Agreement, neither party shall disclose to any third party, and each party shall keep strictly confidential, all Confidential Information of the other, protecting the confidentiality thereof with at least the same level of efforts that it employs to protect the confidentiality of its own proprietary and confidential information of like importance to it and in any event, by reasonable means. Each party may, however, disclose the Confidential Information of the other to those of such party's Personnel (as defined below) engaged in a use permitted by this Agreement and with a need to know, provided that such Personnel: (i) are directed to treat such Confidential Information confidentially and not to use such Confidential Information other than as permitted by hereby and (ii) are subject to a legal duty to maintain the confidentiality thereof. Neither party shall use the Confidential Information of the other party except solely as necessary in and during the performance of this Agreement, or as expressly licensed hereunder. Each party shall be responsible for any improper use or disclosure of any Confidential Information of the other by such party's officers, partners, principals, employees, agents or independent contractors (including individuals who hereafter become former partners, principals,

employee, agents or independent contractors) (collectively "Personnel").

Plaintiff is informed and believes that Tech Logic breached paragraph 7.1 by disclosing to Curitec and allowing Curitec, a known competitor of Gordian, to use confidential information shared with it by Gordian, including trade secrets pertaining to the contact information of the Gordian Facilities and the Gordian customers at such facilities.

78.   The Master Services Agreement provides, at section 7.4: "Each party acknowledges that any breach of any provision of this Section by either party, or its Personnel, will cause immediate and irreparable injury to the non-breaching party, and in the event of such breach, **the injured party shall be entitled to seek injunctive relief in addition to any and all other remedies available at law or in equity**." Emphasis added.

79.   Paragraph 7.5 of the Master Services Agreement provides that Tech Logic was required, with respect to Gordian's Confidential Information, "to promptly return or destroy, at the other party's option, the other party's Confidential Information, and any notes, reports or other information incorporating or derived from such Confidential Information, and all copies thereof, within five (5) days of the other party's written request, and shall certify to the other party that it no longer has in its possession or under its control any Confidential Information in any form whatsoever, or any copy thereof." Defendants failed and refused to do so within five (5) days of Gordian's request, by letter dated September 9, 2019.

Tech Logic's breaches, as alleged above, actually and proximately caused Plaintiff's damages.

80.   Plaintiff is entitled to and hereby prays for an award of consequential damages; for temporary, preliminary and permanent injunctive

relief prohibiting such wrongful acts in the future; and for an award of reasonable attorneys' fees and costs prescribed under Section 12.14 of the Master Services Agreement.

## EIGHTH CLAIM FOR RELIEF

*Breach of Contract – Separation and General Release Agreement*

*Against Nick Percival*

81.    Plaintiff realleges paragraphs 1 through 29, inclusive.

82.    Plaintiff and Nick Percival entered into a Separation and General Release Agreement dated December 8, 2015, a true and correct copy of which is attached hereto at **Exhibit 2.**

83.    Plaintiff performed all of its obligations under the Separation and General Release Agreement, except those that were excused by Percival's actions or breach.

84.    The Separation and General Release Agreement includes an implied covenant of good faith and fair dealing. Plaintiff is informed and believes and based thereon alleges that Percival breached such covenant of good faith and fair dealing when Percival allowed Curitec to access Client Data, including Gordian Facilities' and customers' contact information and order history, knowing that Curitec would use such information unlawfully to compete with Gordian.

85.    Plaintiff is also informed and believes that Nick Percival violated the no disparaging conduct provision of the Separation and General Release Agreement included at paragraph 13 by, among other things, directing Curitec's agent or employee, Melanie Temple, on or around March 11, 2019, to tell Gordian's confidential business contacts at Gordian Facilities and to tell Gordian customers that Gordian was under investigation by federal authorities, when such statements Percival knew to be false.

86.     Plaintiff is also informed and believes that Nick Percival violated the confidentiality provision at paragraph 14 of the Separation and General Release Agreement when Plaintiff disclosed to Curitec and directed and controlled Curitec to use Confidential Information and trade secrets, as broadly defined in that paragraph, to include "information about Employer's … customers, customer lists, Employer sales materials, pricing information, business and marketing strategies…."

87.     Plaintiff is informed and believes and based thereon alleges that Nick Percival's breaches actually and proximately caused Plaintiff money damages, according to proof at trial.

88.     Plaintiff is entitled to and hereby prays for an award of consequential damages; and for temporary, preliminary and permanent injunctive relief prohibiting such wrongful acts in the future.

Wherefore, Plaintiff, Gordian Medical, Inc., demands judgment, as follows:

       i)     on the first claim for relief for a temporary, preliminary and permanent injunction; and an award of damages equal to the actual loss caused by the misappropriation of Gordian's trade secrets; and damages for any unjust enrichment caused by the misappropriation of the Gordian trade secrets; or a reasonable royalty for the Defendants' unauthorized disclosure or use of Gordian's trade secrets. In addition, Plaintiff is entitled to an award of exemplary damages in an amount not more than 2 times the amount of the damages awarded. In addition, Plaintiff is entitled to an award of reasonable attorney's fees and costs. 18 USC section 1836(b)(3).

on the second claim for relief, Plaintiff is entitled to a
temporary, preliminary and permanent injunction; and an
award of damages equal to the actual loss caused by the
misappropriation of Gordian's trade secrets; and damages
for any unjust enrichment caused by the misappropriation
of the Gordian trade secrets; or a reasonable royalty for the
Defendants' unauthorized disclosure or use of Gordian's
trade secrets. In addition, Plaintiff is entitled to an award of
exemplary damages in an amount not more than 2 times
the amount of the damages awarded. In addition, Plaintiff
is entitled to an award of reasonable attorney's fees and
costs. Cal. Civil Code section 3426.4;.

ii)  on the third claim for relief, Plaintiff is entitled to
restitution and disgorgement of all moneys wrongfully
obtained by Defendants as a result of their unfair
competition and a temporary, preliminary and permanent
injunction against the Defendants, and each of them, from
engaging in unfair competition, including the appointment
of a receiver, as may be necessary to prevent the use or
employment by such Defendants of any practice which
constitutes unfair competition.

iii)  on the fourth claim for relief, Plaintiff is entitled and seeks
to recover from Defendants, and each of them,
compensatory and consequential damages, as well as
punitive and exemplary damages according to proof at
trial. Plaintiff also seeks a temporary, preliminary and

permanent injunction preventing Defendants, and each of them, from continuing such wrongful actions.

iv)  on the fifth claim for relief, Plaintiff is entitled and seeks to recover from Defendants, and each of them, compensatory and consequential damages, as well as punitive and exemplary damages according to proof at trial. Plaintiff also seeks a temporary, preliminary and permanent injunction preventing Defendants, and each of them, from continuing such wrongful actions.

v)  on the sixth claim for relief, Plaintiff is entitled and seeks to recover from Defendants, and each of them, compensatory and consequential damages, as well as punitive and exemplary damages according to proof at trial.

vi)  on the seventh claim for relief, Plaintiff is entitled to and hereby prays for an award of consequential damages; for temporary, preliminary and permanent injunctive relief prohibiting such wrongful acts in the future; and for an award of reasonable attorneys' fees and costs prescribed under Section 12.14 of the Master Services Agreement.

vii)  on the eighth claim for relief, Plaintiff is entitled to and hereby prays for an award of consequential damages; and for temporary, preliminary and permanent injunctive relief prohibiting such wrongful acts in the future. Plaintiff also seeks a temporary, preliminary and permanent injunction preventing Defendants, and each of them, from continuing such wrongful actions.

viii)   on all claims for relief, granting such other and further
relief as the Court deems just.

Dated:  November 15, 2019          CORRIGAN & MORRIS, LLP

                                   By:  /S/ Brian T. Corrigan_____
                                   Brian T. Corrigan
                                   Attorneys for Plaintiff


## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

Dated:  November 15, 2019          CORRIGAN & MORRIS, LLP

                                   By:  /S/ Brian T. Corrigan_____
                                   Brian T. Corrigan
                                   Attorneys for Plaintiff