ANDREW S. HOLLINS (SBN 80194)
ALEXANDER JANVELIAN (SBN 315909)
ROPERS MAJESKI PC
650 Tower Center Drive, Suite 1600
Costa Mesa, CA  92626
Telephone:   949.507.6700
Facsimile:   949.507.6701
Email:   *andrew.hollins@ropers.com*
  *alexander.janvelian@ropers.com*

Attorneys for Counterdefendants GORDIAN MEDICAL INC. dba AMERICAN MEDICAL TECHNOLOGIES, JOSEPH DEL SIGNORE, and SAM MUPPALLA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| GORDIAN MEDICAL, INC., a Nevada corporation, doing business as American Medical Technologies,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NICK PERCIVAL, an individual, MARIA FERNANDEZ, an individual, CURITEC, LLC, a Florida Limited Liability Company; TECH LOGIC, LLC, a Delaware Limited Liability Company; and DOES 1 through 20,<br><br>　　　　　　Defendants.<br><br>NICK PERCIVAL., an individual; CURITEC, LLC, a Florida Limited Liability Company<br><br>　　　　　　Counterclaimants,<br><br>　　v.<br><br>GORDIAN MEDICAL, INC., a Nevada corporation, doing business as American | Case No. 8:19-CV-02244-JVS-ADS<br><br>**REPLY BRIEF OF COUNTERDEFENDANTS GORDIAN MEDICAL, INC. dba AMERICAN MEDICAL TECHNOLOGIES, JOSEPH DEL SIGNORE, AND SAM MUPPALLA IN SUPPORT OF MOTION TO STRIKE THE JUNE 23, 2020 AMENDED "COUNTERCLAIM"**<br><br>JUDGE:　Hon. James V. Selna<br>DATE:　August 24, 2020<br>TIME:　1:30 p.m.<br>CRTM:　10C |

- 1 -

REPLY BRIEF OF COUNTERDEFENDANTS GORDIAN MEDICAL, INC. DBA AMERICAN MEDICAL TECHNOLOGIES, JOSEPH DEL SIGNORE, AND SAM MUPPALLA IN SUPPORT OF MOTION TO STRIKE THE JUNE 23, 2020 AMENDED "COUNTERCLAIM"

4823-3387-1037.1

Medical Technologies JOSEPH DEL SIGNORE, an individual; SAM MUPPALLA, an individual; and DOES 1 through 20,

                Counterdefendants.

# MEMORANDUM OF POINTS AUTHORITIES

## I.    INTRODUCTION

Defendants Curitec, LLC ("Curitec") and Nick Percival's ("Percival") (collectively, "Counterclaimants")' Opposition ("Opposition") to Counterdefendants' Motion to Strike the June 23, 2020 Amended Counterclaim ("Amended Counterclaim") does not offer any substantive analysis as to why the allegations proposed for striking are not redundant, immaterial, impertinent, or scandalous, which is the standard under Rule 12(f). FED. R. CIV. PROC. 12(f). The Motion, on the other hand, sufficiently outlines and explains the reasons for striking the offending allegations from the Amended Counterclaim. These allegations do not advance the Amended Counterclaim in any way and simply cannot survive moving forward. Below, Counterdefendants will explain why the Counterclaimants are incorrect in their analysis.

## II.    STATEMENT OF FACTS

Curitec and Percival filed a Counterclaim against Plaintiff Gordian Medical, Inc. dba American Medical Technologies ("Gordian"), Joseph Del Signore ("Del Signore"), and Sam Muppalla ("Muppalla") (collectively, "Counterdefendants"). But contrary to the incomplete recitation of facts in the Opposition, the Counterclaim was actually filed on May 4, 2020. Then, on June 23, 2020, counsel for Counterclaimants filed the Amended Counterclaim but, in a very misleading way, kept the name "Counterclaim". Counsel for Counterdefendants immediately advised counsel for Counterclaimants in the June 26, 2020 email, that the name

"Counterclaim" was very misleading because Counterclaimants added actual substantive allegations to paragraph 57 of the Counterclaim and to the Fourth Cause of Action for Violation of the Unfair Competition Law. These substantive allegations were added in response to the June 19, 2020 meet-and-confer email from counsel for Counterdefendants, in which counsel outlined the fatal flaws in the claim under the Unfair Competition Law.

### III. LEGAL ARGUMENT

#### A. Counterclaimants Waived the Right to Contest the Striking of Paragraphs 2 and 26 of the Amended Counterclaim

In the Motion, Counterdefendants requested that the Court strike allegations in paragraph 2, 19-26, and 50 of the Amended Counterclaim. (See Memorandum of Points and Authorities in Support of Motion to Strike, Section VI.) But in the Opposition, the Counterclaimants only ask the Court to prevent the striking of paragraphs 19-25 and 50. (Opposition, Page 7, Lines 6-7, Page 8, Lines 22-23.) In other words, Counterclaimants unequivocally waived their right to contest the striking of paragraphs 2 and 26.  As a result, Counterdefendants respectfully ask the Court to strike these paragraphs out of the Counterclaim.

#### B. Counterclaimants Fail to Show Why the Allegations About Curitec's Business Model Should Not Be Stricken

In the Opposition, Counterclaimants try to argue that the allegations about Curitec's business model provide "material" information about AMT's motive and purpose to unlawfully compete against Curitec. But that is hardly the case here. Counterclaimants allege separate claims for (i) Intentional Interference with Contractual Relations; (ii) Intentional Interference with Prospective Economic Advantage; (iii) Defamation (Slander Per Se); (iv) Violation of Business and Professions Code section 17200 et seq.; (v) Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836(B)(1); (vi) Violation of the California Uniform Trade Secrets Act, California Civil Code § 3426; (vii) Injunctive Relief.  See Amended

- 3 -

REPLY BRIEF OF COUNTERDEFENDANTS GORDIAN MEDICAL, INC. DBA AMERICAN MEDICAL TECHNOLOGIES, JOSEPH DEL SIGNORE, AND SAM MUPPALLA IN SUPPORT OF MOTION TO STRIKE THE JUNE 23, 2020 AMENDED "COUNTERCLAIM"

4823-3387-1037.1

Counterclaim Caption. And at the heart of these causes of action are allegations that AMT's alleged agent, Rhonda Delaney, helped steal Curitec's trade secrets and helped disseminate allegedly false information about Curitec and Percival.

As discussed in the Motion, the allegations about Curitec's business model are immaterial because they bear no relationship to the individual claims for relief, pleaded in the Amended Counterclaim. (*Cal. Dept. of Toxic Substance Control v. ALCO Pac., Inc.*, 217 F.Supp.2d 1028, 1032 (C.D. Cal. 2002).) The statements are also "impertinent" in that they are not necessary to the resolution of the individual issues underlying the causes of action in the Amended Counterclaim. *Id.* Finally, the allegations are "redundant" in that the alleged information is wholly foreign to the issues at hand. *Id.*

Even the most favorable reading of the allegations about Curitec's business model shows that they do absolutely nothing for the individual claims alleged in the Amended Counterclaim. The information about Curitec's business model does not provide any historical or background information about the alleged dispute between Counterclaimants and the Counterdefendants. Furthermore, contrary to the unsupported argument from the Counterclaimants, the information is not "material" to any of the alleged claims. Striking these allegations "could have no possible bearing on the subject of the litigation", including the individual causes of action alleged by the Counterclaimants. (See *Erhart v. Bofl Holding, Inc.* (S.D. 2017) 269 F.Supp.3d 1059, 1085 citing *Platte Anchor Bolt, Inc. v. IHI, Inc.* (N.D. Cal. 2004) 352 F.Supp.2d 1048, 1057.)

Allowing the allegations about Curitec's business model to remain in the Amended Counterclaim unduly prejudices AMT and other Counterdefendants by improperly planting a thought in the reading public that the features in Curitec's business model are something that AMT lacks. Moreover, the Counterdefendants are unduly prejudiced by having to answer the "unnecessary" allegations which do

- 4 -

REPLY BRIEF OF COUNTERDEFENDANTS GORDIAN MEDICAL, INC. DBA AMERICAN MEDICAL TECHNOLOGIES, JOSEPH DEL SIGNORE, AND SAM MUPPALLA IN SUPPORT OF MOTION TO STRIKE THE JUNE 23, 2020 AMENDED "COUNTERCLAIM"

4823-3387-1037.1

not contribute to understanding the Amended Counterclaim as a whole. (*In re Facebook PPC Advertising Litig.* (N.D. Cal. 2010) 709 F.Supp.2d 762, 773.) That is because he Counterdefendants do not have personal knowledge about the inner workings of Curitec's business model and are simply not in any position to comment on the veracity of allegations Curitec's business model.

Based on the foregoing, the Court should grant the Motion and order paragraph 50 of the Amended Counterclaim stricken as redundant, immaterial, and impertinent.

### C. Counterclaimants Fail to Show Why the Allegations About the 2010 IRS Audit and the 2012 CMS Investigation Should Not Be Stricken

In the Opposition, Counterclaimants try to argue that the allegations about AMT's alleged holding in the wound care market should not be stricken because they are "pertinent and material to the theories and elements underlying the Counterclaims." (Amended Counterclaim, p. 7, lines 13-15.) But that is not the case here. The allegations about AMT's alleged payment of $35,000,000 to CMS and the alleged payment of $9.8 million to the IRS are immaterial, impertinent, and redundant (i) because they bear no relationship with the individual claims for relief that were pleaded in the Amended Counterclaim; (ii) because they not necessary to the resolution of individual issues related to the standalone causes of action in the Amended Counterclaim; and (iii) because they are wholly foreign to Curitec's and Percival's claims for relief.

The authority supplied in the Opposition also is not persuasive. Curitec and Percival cannot in good faith argue that there is a "pattern of misconduct and mismanagement" at AMT just because AMT paid the IRS money in connection with an investigation from 10 years ago. Moreover, even if the allegations about the IRS and the CMS settlement were true, the Counterclaimants cannot establish a "pattern of misconduct" with the allegations that allegedly support the claims for intentional

interference, defamation, trade secret appropriation, and violation of the UCL.

Furthermore, the Counterdefendants would be unduly prejudiced in having to respond to all of these allegations, because Counterdefendants would have to review a slew of public filings, court documents, and other information from years back, in order to properly and adequately respond to the allegations that are entirely unrelated to the causes of action in the Counterclaims.

## IV. CONCLUSION

Based on the foregoing, the Counterdefendants respectfully ask this Court to strike paragraphs 2, 19-26, and 50 out of the Amended Counterclaim.

Dated: August 10, 2020                               ROPERS MAJESKI PC

By:     /s/ Alexander Janvelian
ANDREW S. HOLLINS
ALEXANDER JANVELIAN
Attorneys for Counterdefendants
GORDIAN MEDICAL INC. dba
AMERICAN MEDICAL
TECHNOLOGIES, JOSEPH DEL
SIGNORE, and SAM MUPPALLA

- 6 -

REPLY BRIEF OF COUNTERDEFENDANTS GORDIAN MEDICAL, INC. DBA AMERICAN MEDICAL TECHNOLOGIES, JOSEPH DEL SIGNORE, AND SAM MUPPALLA IN SUPPORT OF MOTION TO STRIKE THE JUNE 23, 2020 AMENDED "COUNTERCLAIM"

4823-3387-1037.1

| CASE NAME: | Gordian Medical Inc. vs. Nick Percival, et al |
|---|---|
| USDC Case No: | 8:19-CV-02244-JVS-ADS |

# CERTIFICATE OF SERVICE

**METHOD OF SERVICE**

☐ First Class Mail   ☐ Facsimile   ☐ Messenger Service

☐ Overnight Delivery   ☒ E-Mail/Electronic Delivery

1. At the time of service I was over 18 years of age and not a party to this action.

2. My business address is 650 Town Center Drive, Suite 1600, Costa Mesa, CA 92626,
   County of Orange.

3. On August 10, 2020 I served the following documents:

**REPLY BRIEF OF COUNTERDEFENDANTS GORDIAN MEDICAL, INC. dba AMERICAN MEDICAL TECHNOLOGIES, JOSEPH DEL SIGNORE, AND SAM MUPPALLA IN SUPPORT OF MOTION TO STRIKE THE JUNE 23, 2020 AMENDED "COUNTERCLAIM"**

4. I served the documents on the persons at the address below (along with their fax numbers and/or email addresses if service was by fax or email):

**SEE ATTACHED LIST**

5. I served the documents by the following means:

   a. ☐ By United States mail: I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses specified in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at the address listed in Paragraph 2 above.

   b. ☐ By overnight delivery: I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

- 7 -

PROOF OF SERVICE

4823-3387-1037.1

c. ☐ By messenger: I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a messenger for service.

d. ☐ By fax transmission: Based on an agreement between the parties and in conformance with Rule 2.306, and/or as a courtesy, I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used.

e. ☒ By email or electronic transmission: I sent the documents via my electronic service address to the persons at the email addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   August 10, 2020

Shannon Allison
  Print Name

*/s/* Shannon Allison
  Signature

| | |
|---|---|
| **CASE NAME:** | Gordian Medical Inc. vs. Nick Percival, et al |
| **USDC Case No:** | 8:19-CV-02244-JVS-ADS |
| **Our File No.:** | USLI – 0443C |

## MAILING LIST

| | |
|---|---|
| Joseph M. Preis<br>Kevin S. Him<br>Benjamin Reynolds<br>**Godes & Preis, LLP**<br>300 Spectrum Center Drive, Suite 1420<br>Irvine, CA 92618<br>Phone (949) 468-0051<br>Fax( 949) 872-2281<br>Emails:<br>jpreis@gaplegal.com<br>kkim@gaplegal.com<br>breynolds@gaplegal.com | Attorneys for Defendants and Counterclaimants<br>Nick Percival<br>Maria Fernandez<br>Curitec, LLC<br>Tech Logic LLC |
| Brian T. Corrigan<br>Stanley C. Morris<br>**Corrigan v Morris LLP**<br>12300 Wilshire Blvd., Suite 210<br>West Los Angeles, CA 90025<br>Phone (310) 394-2800<br>Fax (310) 394-2825<br>Emails:<br>bcorrigan@cormorllp.com<br>scm@cormorllp.com | Attorneys for Plaintiff<br>Gordian Medical, Inc. |