**CORRIGAN & MORRIS, LLC**
Brian T. Corrigan (State Bar No. 143188)
  bcorrigan@cormorllp.com
Stanley C. Morris (State Bar No. 183620)
  scm@cormorllp.com
12300 Wilshire Boulevard, Suite 210
Los Angeles, CA 90025
Telephone:  310.394-2829
Facsimile:  310.394.2825

Attorneys for Plaintiff and Counterdefendant
GORDIAN MEDICAL, INC.

**ROPERS MAJESKI PC**
Andrew S. Hollins(State B
*andrew.hollins@ropers.com*
Alexander E. Janvelian (State Bar No. 315909)
*alexander.janvelian@ropers.com*
650 Tower Center Drive, Suite 1600 Costa Mesa, CA 92626
Telephone: (949) 507-6700
Facsimile: (949) 507-6701 Attorneys for Counterdefendants,

AMERICAN MEDICAL TECHNOLOGIES, JOSEPH DEL SIGNORE, and SAM
MUPPALLA

**GODES & PREIS, LLP**
Joseph M. Preis (State Bar No. 212998)
  *jpreis@gaplegal.com*
Benjamin G. Reynolds (State Bar No. 320546)
  *breynolds@gaplegal.com*
300 Spectrum Center Drive, Suite 1420
Irvine, California 92618
Telephone:  949.468.0051
Facsimile:  949.872.2281

Attorneys for Defendants
NICK PERCIVAL; CURITEC, LLC; MARIA FERNANDEZ
AND TECH LOGIC, LLC
And Counterclaimants CURITEC, LLC and NICK PERCIVAL

**STIPULATION AND PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| GORDIAN MEDICAL, INC., a Nevada corporation, doing business as American Medical Technologies, | Case No.: 8:19-CV-02244-JVS-ADS |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER** |
| vs. | |
| NICK PERCIVAL, an individual; MARIA FERNANDEZ, an individual; CURITEC, LLC, a Florida Limited Liability Company; TECH LOGIC, LLC, a Delaware Limited Liability Company; and DOES 1 through 20, | |
| Defendants. | |
| AND RELATED COUNTER ACTIONS | |

**STIPULATION AND PROTECTIVE ORDER**

By and through their undersigned counsel, Plaintiff and Counter Defendant, Gordian Medical, Inc.; Counter Defendants, Joseph Del Signore and Sam Muppalla; Defendants, Maria Fernandez and Tech Logic, LLC; and Defendants and Counterclaimants, Curitec, LLC and Nick Percival (collectively, the "Parties") respectively submit the following Stipulation and Protective Order for consideration and entry by the Court.

## RECITALS

WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure grants the Court broad discretion to issue protective orders limiting disclosure or discovery in order to avoid "annoyance, embarrassment, oppression, or undue burden or expense."

WHEREAS, Rule 502(d) of the Federal Rules of Evidence provides that the Court may order that privileges and protections are "not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding."

WHEREAS, Rule 502(e) of the Federal Rules of Evidence provides that "[a]n agreement upon the effect of disclosure in a federal proceeding is binding only on the parties to the agreement, unless it is incorporated into a court order."

WHEREAS, Rule 26(b)(3)(A) of the Federal Rules of Civil Procedure provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representatives (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)" and Rule 26(b)(3)(B) provides that "[i]f the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation."

WHEREAS, Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure provides that "Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2) [Disclosure of Expert Testimony], regardless of the

**STIPULATION AND PROTECTIVE ORDER**

form in which the draft is recorded" and Rule 26(b)(4)(C) provides that "Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B) [Disclosure of Expert Testimony, Witnesses Who Must Provide a Written Report], regardless of the form of communication, except to the extent that the communications: (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed."

WHEREAS, the Parties have entered into agreements with their current and former employees and officers that contractually obligate such persons to hold confidential certain information and materials obtained by them during their employment; and the Parties acknowledge that such agreements generally are not enforceable to prohibit such employees from disclosing facts revealing the unlawful actions of their current or former employers;

WHEREAS, without otherwise affecting the terms of such agreements, the Parties seek to allow employees and former employees to testify pursuant to Subpoena in this case and to provide documents and information that reveal unlawful conduct of their current or former employers without risk of liability to such person's for breach of their confidentiality agreements with such current or former employer, such that the Parties can discover all facts reasonably likely to lead to relevant evidence in this case;

WHEREAS, the Parties, to the maximum extent possible, seek to keep confidential their own trade secrets and confidential information from their competitors, including their adversaries in this action;

WHEREAS, the Parties possess hard-copy documents and electronically stored information that are potentially relevant to this dispute but protected from disclosure by privilege or other valid legal protections existing under the law

**STIPULATION AND PROTECTIVE ORDER**

(including work-product) ("Privileged Information"), and they seek to avoid any waiver of privileges or other protections during the course of these proceedings, except for intentional waivers made with the producing party's explicit knowledge and affirmative consent.

WHEREAS, the Parties possess information, including, but not limited to, financial information, business and employment data, and other types of confidential information, which is of value and not in the public domain ("Proprietary Information"). This Proprietary Information could be subject to discovery or disclosure in this case, yet its unrestricted disclosure in the public domain would likely cause significant and irreparable harm to the Parties and their respective activities.

WHEREAS, the Parties each possess information that contains or reveals details of a personal nature concerning individuals who are not parties to this action, in which there is a reasonable expectation of privacy ("Private Information").

WHEREAS, the Parties expect any documents or electronically stored information they produce in this action will be used only for purposes of this litigation, and will be handled with a degree of security and care necessary to prevent its unauthorized access, use, or disclosure, including the timely disposition or return of discovery materials at the conclusion of this case.

WHEREAS, the Parties expect to share information obtained through the discovery process with their experts, consultants, and others, including the Parties' employees, attorneys, and advisers.

WHEREAS, the Parties seek to preserve the full value and confidentiality of their Proprietary Information and any Proprietary Information of others that they have a duty to protect.

WHEREAS, the Parties intend to employ reasonable methods to screen, categorize, and redact as needed any Privileged Information, Proprietary Information, or Private Information for production in this case, but recognize that it

**STIPULATION AND PROTECTIVE ORDER**

1   may not be practicable or financially feasible to correctly identify and designate each
2   item correctly, so that a claw back mechanism would be efficient.

3       WHEREAS, the Parties seek to reduce the costs and burdens of discovery in
4   this case by ensuring that the legal privileges and protections that apply to
5   information and documents produced are not subject to any inadvertent,
6   unintentional, or unknowing waivers or disclosures in this or any other jurisdiction,
7   to the full extent permitted by law and regardless of whether their efforts to avoid
8   waiver or disclosure are deemed reasonable by others.

9       NOW, THEREFORE, the Parties have agreed to preserve the confidentiality
10  and privacy, as well as the privileged or protected status of all discovered and
11  discoverable documents and electronically stored information involved in this case
12  ("Discovery Material"), including all Privileged Information, Proprietary
13  Information and Private Information, in accordance with this protective order
14  ("Protective Order") and pursuant to the following terms and conditions:

15  **EFFECT OF THIS ORDER**

16      Any third-party witnesses who provide documents or testimony pursuant to
17  Subpoena issued in this action shall be immune from contract claims by any Parties
18  to this action arising from or related to the disclosure of such documents or testimony;
19  and the Parties agree not to seek to enforce any confidentiality agreements with such
20  third-party witnesses to prevent, restrict, or otherwise discourage the production of
21  any such documents or testimony pursuant to such Subpoenas, subject to the
22  provisions in this Order intended to maintain the confidentiality of materials and
23  information produced in this action.

24      Any person subject to this Order — including, without limitation, the Parties
25  to this action, their representatives, agents, experts, and consultants, all third parties
26  providing discovery in this action, and all other interested persons with actual or
27  constructive notice of this Order — will adhere to the following terms:
28  ///

**SAFEGUARDING DISCOVERY MATERIALS**

1. Any person subject to this Order who receives from any other person any "Confidential Discovery Material" (i.e., information of any kind provided in the course of discovery in this action designated "Confidential" or "Attorneys' Eyes Only" as defined below) must take reasonably sufficient steps to prevent its unauthorized access, use, or disclosure by or to anyone else except as expressly permitted.

2. The Parties and their counsel will maintain Confidential Discovery Materials produced to them securely, with the same degree of care with which they protect their and their clients' sensitive and confidential materials. In particular, Discovery Materials will be hosted by receiving Parties in secure systems, encrypted in transit and at rest, or subject to appropriate physical security measures, with suitable authentication systems.

**DESIGNATION AND TREATMENT OF CONFIDENTIAL DISCOVERY MATERIALS**

3. Any person subject to this Order who receives from any other person any Discovery Material designated as "Confidential" or "Attorneys' Eyes Only" pursuant to the terms of this Order, will not disclose such "Confidential Discovery Material" to anyone else except as expressly permitted.

4. Confidential Discovery Material will not be used by receiving Parties for any business, commercial, or competitive purpose, or in any manner whatsoever in another case, litigation, proceeding, or activity, whether private or public, factually related to this action or otherwise. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner.

5. Documents and electronically stored information that upon a good faith belief constitute Proprietary Information or Private Information may be designated

as "Confidential" or "Attorneys' Eyes Only" under this Protective Order in the manner described below.

6. The person producing any Discovery Material may designate as Confidential any portion of such material that consists of:

a. any Proprietary Information, including financial information previously nondisclosed to the public, confidential research or development, confidential commercial information, material relating to ownership or control of any non-public company, or any business plans or marketing plans previously nondisclosed to the public;

b. any Private Information;

c. any information that qualifies for protection under Federal Rule of Civil Procedure 26(c); or

d. any other category of information hereinafter given confidential status by the Court.

7. The person producing any Discovery Material may designate as "Attorneys' Eyes Only" any portion of such material that consists of highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any "Attorneys' Eyes Only" material, will label them "Attorneys' Eyes Only" or, in the case of electronic files that cannot be conveniently labeled, indicating in some other prominent way that the files are considered "Attorneys' Eyes Only," in a way that does not interfere with legibility.

8. The terms "Confidential" or "Attorneys' Eyes Only" may be used to designate, without limitation, any type or category of: (a) hard-copy documents and electronically stored information, including original written, recorded, graphic or electronic materials, and all identical or non-identical copies thereof; (b) discovery responses and collections, including answers to interrogatories, responses to requests

for admissions or production, deposition transcriptions and any of their exhibits, attachments or enclosures; (c) copies, notes, abstracts or summaries of such information, and the information itself; and (d) any pleading, affidavit, declaration, brief, motion, transcript or other writing containing such information that is not in the public record.

9. Documents and electronically stored information, or confidential portions thereof, must be designated as "Confidential" by labeling them "Confidential" or, in the case of electronic files that cannot be conveniently labeled, indicating in some other prominent way that the files are considered "Confidential," in a way that does not interfere with legibility.

10. Only non-public documents and electronically stored information produced or obtained through discovery in this case may be appropriately designated as Confidential Discovery Material under this Protective Order. A "Confidential" designation is not proper for any documents or electronically stored information that have been at any time produced, disclosed, or made available to the public or otherwise available for public access outside of this litigation.

Notwithstanding the foregoing, the Parties may designate as "Confidential" any Proprietary or Private Information disclosed to a governmental entity pursuant to a written confidentiality agreement or under circumstances in which the documents or electronically stored information ordinarily would be maintained in confidence pursuant to statute, rule or regulation, legal process, or customary agency practice.

11. At any time, any party may object to the designation of documents or electronically stored information as "Confidential" or "Attorneys' Eyes Only" under this Protective Order, in which case the following process will apply:

a. The Parties will meet and confer telephonically in an attempt to informally resolve the dispute.

b. If the informal process does not reach a resolution, the party who either objects to any designation of confidentiality, or who, by contrast, requests

still further limits on disclosure (such as "Attorneys' Eyes Only") designations), will serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request.

c. If agreement still cannot be reached, the party seeking protection or any other aggrieved party shall promptly make an application compliant with paragraph 2.A of the Court's Individual Practices to resolve the dispute.

d. The burden will be on the designating party to establish that its designations of "Confidential" or "Attorneys' Eyes Only" are consistent with this Protective Order.

e. Any disputed items will be treated as "Confidential" or "Attorneys' Eyes Only" pending resolution of the dispute and until either the Parties agree that the disputed items will not be treated as "Confidential" or "Attorneys' Eyes Only" or the Court rules that the disputed items will not be treated as "Confidential" Or "Attorneys' Eyes Only."

12. During the course of a deposition, a party may designate documents, electronically stored information or testimony as "Confidential" pursuant to this Protective Order, as follows:

a. The party making the designation will have the corresponding portion of the deposition record or the exhibit labeled as "Confidential."

b. Counsel may invoke the provisions of this Protective Order by stating on the record during a deposition that testimony given at the deposition about a particular document or disclosing particular information is subject to this Protective Order or "Confidential."

c. Each deposition witness testifying about "Confidential" material during a deposition will be provided at the deposition with a copy of this Protective Order and will be advised on the record that he or she is bound by the terms of this Protective Order and informed of the applicable legal remedies for violating this Protective Order.

**STIPULATION AND PROTECTIVE ORDER**

d. No person will be present during portions of a deposition that have been designated "Confidential," unless that person is authorized under the terms of this Protective Order to receive documents and information that have been designated as "Confidential," or unless that person receives the express consent to be present from the party making the designation.

e. If so designated, the final transcript of the designated testimony will be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

f. The Parties will have an additional ten (10) business days following receipt of a final deposition transcript to designate the deposition testimony or deposition exhibits as "Confidential." Prior to the conclusion of the ten (10) day period, all recordings, transcripts and exhibits, and the information contained therein, will be deemed as "Confidential."

g. Access to any portion of a deposition transcript or exhibit designated "Confidential" will be limited pursuant to the terms of this Protective Order.

13. The Parties may designate as "Confidential" or "Attorneys' Eyes Only" documents and electronically stored information produced by third-parties. This includes both copies of items previously designated "Confidential" or "Attorneys' Eyes Only" and unique documents received from the third-party and identified as "Confidential" or "Attorneys' Eyes Only" for the first time. Third-parties may designate their own documents as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order. Designations of third-party documents will be made as soon as reasonably practicable, but not later than thirty (30) days after receipt of the document or information. Designations of third-party documents as "Confidential" or "Attorneys' Eyes Only" will be memorialized in a writing that lists the Bates numbers or other identifying characteristics of the designated document or information, and, if less than an entire document or file is designated, a description

of the designated portions of the document and the basis for the designation, with sufficient detail that an objecting party can determine what is at issue.

14. Documents and electronically stored information that have been designated "Confidential," along with summaries, characterizations, descriptions, copies, or extracts of such materials and the information within them, must be maintained by the Parties in confidence and may not be given, shown, made available to, or communicated to any other person whomsoever, except to the following:

 a. the Parties to this action, including any owner, officer, director, or in-house counsel of a named party or its affiliated companies, and with respect to Discovery Material designated as Confidential that was produced by a non-party, also to such non-party;

 b. counsel, including personal counsel for the parties, retained specifically for this action, including any paralegal, clerical or temporary staff, litigation support personnel and other assistants employed or engaged by such counsel or working under the supervision of such counsel on this matter;

 c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

 d. any witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action, only to the extent necessary to conduct or prepare for depositions or testimony in this litigation, and provided that such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

 e. any person retained by a party to serve as an expert or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

 f. stenographers engaged to transcribe depositions conducted in this action;

 g. independent photocopying, graphic production forensics or litigation

support service personnel employed by the parties or their counsel to assist in this action and any computer service personnel performing duties in relation to a computerized litigation platform;

h. the Court and its support personnel; or

i. any other person whom the producing person, or other person designating the Discovery Material as "Confidential," agrees in writing may have access to such Discovery Material.

15. Prior to any disclosure of any material designated "Confidential" to any person referred to in subparagraphs 14 (d) or 14 (e), such person will be provided by counsel with a copy of this Protective Order and will sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto—stating that that person has read this Order and agrees to be bound by its terms. Said counsel will retain each signed Non-Disclosure Agreement.

16. Material produced and marked as "Attorneys' Eyes Only" may be disclosed only to outside counsel for the receiving party and to such other persons as counsel for the producing party agrees in advance or as ordered by the Court.

17. Any Party issuing a subpoena to a non-party will enclose a copy of this Order and notify the non-party that the protections of this Stipulation are available to such non-party.

18. Nothing in this Protective Order will require that non-testifying experts or consultants be deposed or otherwise be subject to discovery. Such experts or consultants will execute the Non-Disclosure Agreement and the retaining party will maintain that Non-Disclosure Agreement in escrow.

19. Nothing in this Protective Order affects the rights of the Parties, or any third-party, to use or disclose their own Proprietary Information in any way, whether or not it has been designated as "Confidential" in this case. The disclosure by one of the Parties of its own Proprietary Information will not constitute a waiver or alter the protections of this Protective Order, and will not entitle other Parties, non-parties, or

their attorneys or their other agents to use or disclose such information in violation of the Protective Order. Nevertheless, any disclosure or use by the designating party that would prevent an item from being designated as "Confidential" pursuant to this Protective Order, or that is inconsistent with its confidential status, will serve as a basis to object to the "Confidential" designation.

20. If anyone other than the designating party desires to give, show, make available, or communicate any documents or electronically stored information marked or otherwise designated as "Confidential" to any person who is not specifically authorized to have access to such documents or electronically stored information pursuant to the terms of this Protective Order, then the party intending to make such disclosure will notify the producing party of such intent, not less than five (5) business days prior to the intended disclosure. Said notification will be sufficiently specific to inform the producing party of the intended scope of the disclosure, including the name and/or job description of the person to whom such disclosure is intended.

The Parties will then attempt to negotiate the terms of disclosure within two (2) business days of the notification. If no agreement can be reached during this shortened meet-and-confer period, then counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling. All disputed items will be treated as "Confidential" pending resolution of the dispute and until either the Parties agree that the disputed items will not be treated as "Confidential" or the Court rules that the disputed items will not be treated as "Confidential."

21. Filing Confidential Discovery Material. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose Confidential Discovery Material filed with the Court, shall be the subject of an application to seal in accordance with the procedures set out in the Local Rules and Individual Practices of the Court. The Parties will use their best efforts to minimize such sealing.

**STIPULATION AND PROTECTIVE ORDER**

22. A non-designating party intending to use at trial documents or electronically stored information designated as "Confidential" or "Attorneys' Eyes Only" under this Protective Order will give not less than five (5) business days' advance written notice to all Parties. If any party objects to the use of such documents or electronically stored information at trial, then the party seeking the use at trial may seek relief from the Court. "Confidential" or "Attorneys' Eyes Only" documents will lose that status when they are first used in the course of the trial, at which point they will no longer be considered "Confidential" or "Attorneys' Eyes Only" documents. Any party wishing to maintain the "Confidential" or "Attorneys' Eyes Only" status of documents used in trial will have the burden of convincing the Court to issue an order continuing such designation.

23. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

24. In the event that it comes to the attention of an attorney for a receiving party that documents designated as "Confidential" or "Attorneys' Eyes Only" have been inadvertently disclosed to someone not authorized under the terms of this Protective Order to receive such materials, then the attorney will immediately give notice to the designating party describing the circumstances of the unauthorized disclosure for counsel of record to the party who designated the document or information as "Confidential" or "Attorneys' Eyes Only." Additionally, upon recognizing any failure to treat documents designated as "Confidential" or "Attorneys' Eyes Only" in the manner provided herein, the Parties will immediately take such steps as are reasonably necessary to have the items appropriately protected,

sealed or restored to their confidential status, along with providing notice to the designating party.

25. In the event that documents or information designated as "Confidential" or "Attorneys' Eyes Only" are inadvertently produced without the appropriate designation, such documents and copies thereof will be returned to the producing party within five (5) business days of any written notice requesting their return in order to affix the appropriate designation and return them to the receiving party within five (5) business days, or they will be immediately stamped by the receiving party as "Confidential" pursuant to the producing party's request and permission. Under no circumstances will the inadvertent, unintentional, or unknowing production of "Confidential" or "Attorneys' Eyes Only" documents or information, or the giving of testimony claimed to be "Confidential" or "Attorneys' Eyes Only" without so labeling the transcript during the deposition, constitute a waiver of the confidentiality designation.

26. The Parties may request reasonable extensions of the deadlines for designating their documents "Confidential" or "Attorneys' Eyes Only" under this Protective Order, and such requests will not be unreasonably denied by the other party.

27. Within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this litigation, or any other proceeding in which Confidential Discovery Material is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the Producing Party, all persons having received information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Order will either (a) make a good-faith and reasonable effort promptly to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the producing party; or (ii) make a good-faith and reasonable effort promptly to destroy all such Confidential material, and certify to its destruction in writing to counsel for the producing party.

**STIPULATION AND PROTECTIVE ORDER**

However, counsel for the Parties will be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing "Confidential" Discovery Material), provided that such counsel, and employees of such counsel, will maintain the confidentiality thereof and will not disclose such court papers, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material) to any person except pursuant to a court order or agreement by the producing party or except as otherwise required by law. All materials returned to the Parties or their counsel by the Court likewise will be disposed of in accordance with this paragraph.

28. If any person in possession of Confidential Discovery Material receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential Discovery Material (collectively, a "Demand"), the receiving party will give written notice (by hand or email) to counsel for the producing party within three (3) business days of receipt of such Demand (or if a response to the Demand is due in less than three business days, at least twenty-four (24) hours prior to the deadline for a response to the Demand), identifying the Confidential Discovery Material sought and enclosing a copy of the Demand, and must object to the production of the Confidential Discovery Material on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand will fall on the producing party.

Nothing herein will be construed as requiring the recipient of Confidential Discovery Material, or anyone else covered by this Order, to challenge or appeal any order requiring production of Confidential Discovery Material or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the receiving party with any order directing production pursuant to a Demand of any Confidential Discovery Material will not constitute a violation of this Order.

///

**STIPULATION AND PROTECTIVE ORDER**

29. In the event that Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Order, or in the event it comes to the attention of a receiving party that there has been or is likely to be a loss of confidentiality of any Confidential Discovery Material, the receiving party responsible for the disclosure or loss of confidentiality will immediately inform the designating party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made. The receiving party responsible for a disclosure or loss of confidentiality will also make reasonable efforts to prevent further disclosure or use of Confidential Discovery Material by each unauthorized person who receives the information.

## **NON-WAIVER OF PRIVILEGE PURSUANT TO FRE RULE 502(d)**

30. Pursuant to Rule 502(d)-(f) of the Federal Rules of Evidence, no unintentional disclosure of Privileged Information during the discovery process in this litigation, regardless of the cause of the disclosure or the reasonableness or lack of reasonableness of the efforts to prevent it, will constitute a waiver of any privilege or other valid legal protections existing under the law (including work product) applicable to Discovery Materials, in this or any other proceeding.

31. If the producing party discovers that privileged or protected material has been produced unintentionally, or it learns of the production of such privileged or protected material from another party, the producing party will promptly request that the receiving party immediately return the documents in question.

32. Upon receiving such a claw back request and notification of an unintentional disclosure, or if a receiving party or its counsel self-identifies Privileged Information in a production, the receiving party will immediately sequester, return, delete, or destroy all copies of such inadvertently produced Privileged Information, including any and all work-product containing or derived from Privileged Information, and the receiving party will make no further use or

1    disclosure of the Privileged Information whatsoever.

2        33. A receiving party must notify the producing party if the receiving party

3    disclosed Privileged Information to others before receiving notification of its

4    privileged status. A receiving party must take all necessary and reasonable steps to

5    secure the return of any Privileged Information of a producing party that the receiving

6    party has disclosed to others, and such disclosure by the receiving party will not

7    operate as a waiver of any privilege or protections afforded to Privileged Information,

8    in this or any other proceeding.

9        34. Parties will act in good faith to timely produce privilege logs.

10       35. Nothing in this Order will prevent a receiving party from challenging the

11   assertion of privilege or other protection with respect to any documents or

12   electronically stored information subject to discovery in this case; provided,

13   however, that any challenge to the privileged status of Privileged Information that

14   has been unintentionally produced must be made in writing within ten (10) court days

15   after the producing party gives notice of the privilege or protection. Thereafter, the

16   Parties will follow the procedures outlined in Section 11 of this Order to resolve the

17   receiving party's challenge to the producing party's belated designation.

18       36. Notwithstanding anything to the contrary herein, Privileged Information

19   that has been prepared by the Parties' outside counsel during the pendency of this

20   action is not subject to discovery in this litigation.

21       37. The amount of time and scrutiny the Parties devote to searching for and

22   excluding Privileged Information from their productions is within the sole discretion

23   of each of them. Nothing in this Order will be construed or interpreted to limit or

24   reduce the amount of time or scrutiny that a party may devote to the review of

25   Discovery Materials prior to their production to identify and prevent Privileged

26   Information from being disclosed.

27   ///

28   ///

**EXPERTS**

38. Consistent with Rule 26(b)(3)(A-B) and Rule 26(b)(4)(B-C), drafts of any reports created by a person who has been identified as an expert whose opinions will be presented at trial, as well as communications between a party's counsel and a person that that party has identified as an expert whose opinions will be presented at trial, will not be discoverable unless they are expressly excepted under Rule 26(b)(4)(C)(i)-(iii).

**GENERAL PROVISIONS**

39. Entering into this Stipulation, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Stipulation, will not:

a. Prejudice in any way the rights of the Parties to (i) seek production of documents or information they consider subject to discovery, or (ii) object to the production of documents or information they consider not subject to discovery;

b. Prejudice in any way the rights of the Parties to object to the authenticity or admissibility into evidence of any Discovery Material;

c. Operate as an admission by any party that any particular Discovery Material constitutes Confidential Discovery Material or does (or does not) contain or reflect confidential information.

d. Require either of the Parties to employ any particular method or technique to locate, redact, or exclude Proprietary Information, Privileged Information or Private Information from the Discovery Materials they produce;

e. Prejudice in any way the rights of any party to (i) petition the Court for a further protective order relating to any purportedly Confidential Discovery Material, or (ii) seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Order;

f. Prevent any party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

g. Prejudice in any way the rights of any party to object to the relevance, authenticity, use, or admissibility of any document, testimony, or other evidence subject to this Order;

h. Preclude any party from objecting to discovery that it believes to be otherwise improper;

i. Operate as a waiver of any attorney-client, work product, business strategy, or other privilege or immunity; or

j. Constitute an agreement by any party to produce any documents or other materials in discovery not otherwise agreed upon or required by Court order or the Federal Rules of Civil Procedure.

40. The provisions of this Protective Order may be modified at any time by stipulation of the Parties approved by order of the Court. In addition, a party may at any time apply to the Court for modification of this Protective Order.

41. The Parties expressly acknowledge that, by entering into this Stipulation, they do not waive any claims or defenses.

42. The Court will retain jurisdiction to enforce and/or to modify this Protective Order.

**IT IS SO STIPULATED.**

Date: September 23, 2020          **GODES & PREIS, LLP**

By:   */s/ Benjamin Reynolds*
      Joseph M. Preis
      Benjamin G. Reynolds
      Attorneys for Defendants
      Nick Percival, Maria Fernandez,
      Curitec, LLC, and Tech Logic,
      LLC and Counterclaimants
      Curitec, LLC and Nick Percival

Date: September 23, 2020         **CORRIGAN & MORRIS LLP**


By:   */s/ Brian Corrigan*
         Brian T. Corrigan
         Stanley C. Morris
         Attorneys for Plaintiff,
         Gordian Medical, Inc.


Date: September 23, 2020         **ROPERS MAJESKI PC**


By:   */s/ Alexander Janvelian*
         Andrew S. Hollins
         Alexander E. Janvelian
         Attorneys for Counterclaim
         Defendants,
         Gordian Medical, Inc.
         Joseph Del Signore
         Sam Muppalla

**STIPULATION AND PROTECTIVE ORDER**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Section 5-4.3.4(a)(2)(i) of the local rules for United States District Court for the Central District of California, I certify that the content of this document is acceptable to Brian T. Corrigan and Alexander E. Janvelian and that I have obtained authorization from them to affix their electronic signature to this document.

Date: September 23, 2020          **GODES & PREIS, LLP**

By:   */s/ Benjamin Reynolds*
      J Joseph M. Preis
      Benjamin G. Reynolds
      Attorneys for Defendants
      Nick Percival, Maria Fernandez,
      Curitec, LLC, and Tech Logic,
      LLC and Counterclaimants Curitec,
      LLC and Nick Percival

**SO ORDERED.**

DATED: September 24, 2020          _____/s/ Autumn D. Spaeth_____
      AUTUMN D. SPAETH
      MAGISTRATE JUDGE
      UNITED STATES DISTRICT COURT
      CENTRAL DISTRICT OF CALIFORNIA

**STIPULATION AND PROTECTIVE ORDER**

# NON-DISCLOSURE AGREEMENT

I, _____, acknowledge that I have read and understand the Stipulation and Protective Order in this action (the "Order"). I agree that I will abide by the Order and will not disclose any Confidential Discovery Material produced in this litigation to anyone other than for purposes of this litigation and consistent with the terms of the Order. At the conclusion of the litigation, or my role in it, I agree to return to the party or attorney from whom I received it or destroy all Discovery Material provided to me.

By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Central District of California for the purpose of any issue or dispute arising under this Non-Disclosure Agreement and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

Dated: _____

By: _____

**STIPULATION AND PROTECTIVE ORDER**